IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES ALDRIDGE,                                                                                    PLAINTIFF

V.                                             CIVIL ACTION NO. 1:20-cv-321 HTW-MTP

HAROLD (TED) CAIN,
HTC ENTERPIRSES, LLC
HTC ELITE, L.P.,
EVAN TRACE CAIN GST TRUST,
LOGAN PATRICK CAIN GST TRUST AND
LUCINDA K. SLOAN                                                                           DEFENDANTS

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Before the Court is a motion [doc. no. 12] brought by three of the Defendants herein, namely: Evan Trace Cain GST Trust, Logan Patrick Cain GST Trust ("Trusts"), and Lucinda K. Sloan ("Sloan") trustee for the trusts. These Defendants ask this court to dismiss this action pursuant to Rule 12(b)(1)[1] of the Federal Rules of Civil Procedure or, alternatively, to stay the proceedings pending a final outcome in *United States ex rel. Aldridge v. Corporate Management, Inc.,* et al 1:16-CV-369 HTW-LGI. These Defendants contend that the claims herein are not yet ripe and should be dismissed. The Plaintiff here, James Aldridge ("Aldridge"), opposes the motion. Briefing has been completed and the court is ready to make its ruling.

BACKGROUND

This lawsuit is brought by James Aldridge, who was the Relator in a *qui tam* case brought pursuant to the False Claims Act, 31 U.S.C. § 3729 *et seq.,* in which the Plaintiffs (Aldridge and the United States Government), obtained a judgment of over $32 million dollars. Harold T. ("Ted") Cain, Julie Cain and other Defendants were found liable for knowingly submitting or causing to be submitted, false claims for the purpose of obtaining Medicare payments. *United*

1

*States ex rel. Aldridge v. Corporate Management, Inc.,* et al 1:16-CV-369 HTW-LGI. *The Corporate Management Inc.*, ("CMI") litigation was filed initially by the Relator in 2007, and the United States intervened in 2015. The case was tried before a jury beginning in January of 2020.

During the trial of that cause, the court was made aware that Ted Cain and Julie Cain had transferred most, if not all, of their assets into family trusts within the year preceding the trial. The purpose of the trusts, Ted Cain admitted, was to protect the assets from creditors. Ted Cain and Julie Cain acknowledge in their brief that they retained control over the trusts. Ted Cain also acknowledged his control over the trusts during the trial of *Aldridge v. CMI*.

Aldridge has filed this lawsuit to protect his interest in collecting on the judgment in the *Aldridge v. CMI* case, particularly as it relates to Ted Cain, Julie Cain, and two businesses wholly owned by Ted Cain, Stone County Hospital and CMI. Aldridge alleges that the transfers of over thirty businesses into these trusts were fraudulent. He seeks relief under the provisions of 28 U.S.C. §3304(b)[2] and Miss. Code Ann. §15-3-107.[3] The movants here contend the *CMI* case was not final, since post-trial motions remained pending at the time they filed their motion to dismiss. Therefore, say these defendants, Aldridge has no liquidated judgment and his claims in this lawsuit are not ripe.

DISCUSSION

Defendants' argument in support of their motion to dismiss is that Aldridge did not have a final or enforceable judgment, because the motion for a new trial and the motion for judgment as a matter of law were still pending in the *CMI case*. At the time this motion was filed in the case *sub judice,* the motion for a new trial and motion for judgment as a matter of law in the *Aldridge v. CMI* case remained outstanding. Since that time, those motions have been resolved.

2

Both motions were denied.  Even if the *Corporate Management, Inc.* case was not considered final while those motions were pending-- and this court does not agree that it was not-- it is certainly final now.

Contrary to Defendants' assertions, there is nothing speculative or abstract about the court judgment *in Aldridge v. CMI*.  None of the cases relied on by these Defendants is persuasive . In *Lincoln House, Inc. v. Dupre,* 903 F.2d 845 (1st Cir. 1990), Plaintiff had filed a RICO[4] claim against Dupre alleging that Dupre had fraudulently transferred assets to protect them from a *potential* judgment that *might* ultimately be entered in a state court action.  Unlike the instant case, Plaintiff in *Lincoln House* did not have a judgment. There is a final judgment in *Aldridge v. CMI.*   Similarly, in  *In re Blackwell ex rel. Estate of I.G. Services, Ltd*., 257 B.R. 732, 740 (W.D. Tex. Bankr. 2001), the claimant had not yet established entitlement to recovery in the underlying action, unlike in the instant case where a judgment has been entered.  This court is not persuaded to grant either the motion to dismiss under Rule 12(b)(1) or the stay that movants request.  Nothing in Defendants' arguments establishes that this case is not ripe.

Defendants here also claim that "there is no risk that staying this action will result in the dissipation of the Trusts' assets."  In response, Plaintiff says in essence, that this court cannot assume that these defendants audacious enough to transfer over thirty businesses into family trusts, practically on the eve of a federal trial for fraud, to protect those assets from creditors, would not further dissipate or conceal the assets that should be made available to satisfy a judgment.   This lawsuit will prove whether this warning has validity.

Defendants' Motion to Dismiss **[doc. no. 12]** is, therefore, **denied.**

SO ORDERED AND ADJUDGED, this the 19th day of July, 2021.

s/ HENRY T. WINGATE          
UNITED STATES DISTRICT JUDGE

---

[1] (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
    (1) lack of subject-matter jurisdiction; . . .
Fed. R. Civ. P. 12

[2] § 3304. Transfer fraudulent as to a debt to the United States
(a) Debt arising before transfer.--Except as provided in section 3307, a transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States which arises before the transfer is made or the obligation is incurred if--
    (1)(A) the debtor makes the transfer or incurs the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation; and
    (B) the debtor is insolvent at that time or the debtor becomes insolvent as a result of the transfer or obligation; or
    (2)(A) the transfer was made to an insider for an antecedent debt, the debtor was insolvent at the time; and
    (B) the insider had reasonable cause to believe that the debtor was insolvent.
(b) Transfers without regard to date of judgment.--(1) Except as provided in section 3307, a transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States, whether such debt arises before or after the transfer is made or the obligation is incurred, if the debtor makes the transfer or incurs the obligation--
    (A) with actual intent to hinder, delay, or defraud a creditor; or
    (B) without receiving a reasonably equivalent value in exchange for the transfer or obligation if the debtor--
      (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
      (ii) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.
    (2) In determining actual intent under paragraph (1), consideration may be given, among other factors, to whether--
    (A) the transfer or obligation was to an insider;
    (B) the debtor retained possession or control of the property transferred after the transfer;
    (C) the transfer or obligation was disclosed or concealed;
    (D) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
    (E) the transfer was of substantially all the debtor's assets;
    (F) the debtor absconded;
    (G) the debtor removed or concealed assets;
    (H) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
    (I) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
    (J) the transfer occurred shortly before or shortly after a substantial debt was incurred; and
    (K) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.
Title 28 U.S.C. § 3304

[3] § 15-3-107. Fraudulent transfers and obligations; intent; presumptions
(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation with actual intent to hinder, delay or defraud any creditor of the debtor.

4

(2) In determining actual intent under subsection (1), consideration may be given, among other factors, to whether:
  (a) The transfer or obligation was to an insider;
  (b) The debtor retained possession or control of the property transferred after the transfer;
  (c) The transfer or obligation was disclosed or concealed;
  (d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
  (e) The transfer was of substantially all the debtor's assets;
  (f) The debtor absconded;
  (g) The debtor removed or concealed assets;
  (h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
  (i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
  (j) The transfer occurred shortly before or shortly after a substantial debt was incurred;
  (k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor;
  (l) The debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
    (i) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
    (ii) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due;
  (m) A transfer made or obligation incurred by a debtor may be fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation; and
  (n) A transfer made by a debtor may be fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.
(3) If there exists a combination of facts such as described in subsection (2)(1), (m) or (n) only, then there will be a strong presumption of fraud which can be rebutted only by clear and convincing evidence.
Miss. Code. Ann. § 15-3-107.

[4] Chapter 96 of Title 18 of the United States Code, entitled Racketeer Influenced and Corrupt Organizations (RICO), was added to Title 18 by the Organized Crime Control Act of 1970. Title 18 U.S.C. § 1962(c), which is part of RICO, makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." *United States v. Turkette*, 452 U.S. 576 (1981).