IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES ALDRIDGE**   **PLAINTIFF**

**v.**   **CIVIL ACTION NO. 1:20-cv-321-HTW-MTP**

**HAROLD CAIN, ET AL.**   **DEFENDANTS**

*consolidated with*

**UNITED STATES OF AMERICA**   **PLAINTIFF**

**v.**   **CIVIL ACTION NO. 1:22-cv-11-HTW-RHWR**

**HAROLD CAIN, ET AL.**   **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on the Motion to Quash Subpoenas [151] filed by nonparties Evan Trace Cain and Logan Patrick Cain and the Motion for Leave to File a Surreply [167] filed by the United States. Having considered the parties' submissions and the appliable law, the Court finds that both Motions [151] [167] should be denied.

## BACKGROUND

On October 8, 2020, James Aldridge filed this action to protect his interest in collecting on a judgment obtained in a prior *qui tam* action, *United States ex rel. Aldridge v. Corporate Management, Inc. et al*, Civil Action No. 1:16-cv-369-HTW-LGI. The *qui tam* action was tried to its conclusion by Intervenor United States, with Aldridge remaining a party. Judgment was rendered in that case for over $30 million against Ted Cain, Julie Cain, and Tommy Kuluz, among others.[1]

---

[1] The defendants in the *qui tam* action appealed the judgment, and the United States Court of Appeals for the Fifth Circuit largely upheld the jury's verdict, but found that the applicable

1

During the *qui tam* trial, the United States and Aldridge learned that Ted Cain and his wife Julie Cain had transferred property and ownership interest in businesses to the Evan Trace Cain GST Trust and Logan Patrick Cain GST Trust. Thereafter, Aldridge filed this action against Ted and Julie Cain, the trusts and trustee, and multiple business entities, alleging that the transfers, which occurred on the eve of the *qui tam* trial, were fraudulently made to avoid payment of the judgment. On January 18, 2022, the United States filed Civil Action No. 1:22-cv-11-HTW-BWR against the same Defendants, also alleging that the transfers of property and ownership interests in companies were fraudulent. On July 25, 2022, the Court consolidated these two actions, and thereafter, the United States amended its complaint to add 27 business entities as defendants.

On September 26, 2023, the United States served subpoenas on Logan Patrick Cain (Ted and Julie's 22-year-old son) and Evan Trace Cain (Ted and Julie's 20-year-old daughter). *See* Notices [147] [148]; Return [153]. The subpoenas require Logan and Evan to appear for depositions. The subpoena served on Logan requires him to appear for his deposition on October 27, 2023, in Gulfport, Mississippi, and Evan's subpoena requires her to appear on October 23, 2023, in Athens, Georgia. The subpoenas require Logan and Evan to produce at their depositions the following information:

> (1) Any documents, including communications related to Rx Solutions; (2) Any documents, including communications related to Cornerstone Management Inc.; (3) Any communications between yourself and Julie Cain or Ted Cain or Tommy Kuluz since 2017 regarding any investigation, litigation, trust(s), companies where you hold a financial interest (directly or indirectly), or your financial support.

*See* Notices [147] [148].

---

statute of limitations applied to claims against the defendants accruing before September 2009 and remanded the action to the trial court to remit the damages accordingly.

On September 29, 2023, Logan and Evan filed the instant Motion [151], seeking an order under Fed. R. Civ. Pro. 45, quashing the subpoenas or, in the alternative, limiting the information they must provide in response to the subpoenas. Movants argue that the subpoenas subject them to undue burden and that the United States should be required to obtain the sought-after information via "the regular discovery process under Fed. R. Civ. Pro 26 and Fed. R. Civ. Pro 34." On October 13, 2023, the United States filed a Response [162] opposing the Motion [151]. On October 17, 2023, Movants filed a Reply [165], and the following day, they filed a Supplemental Reply [166]. Thereafter, the United States filed a Motion for Leave to File a Surreply [167], attaching its proposed surreply.

## ANALYSIS

*Evan Trace Cain Subpoena*

The subpoena served on Evan Trace Cain requires her to appear for a deposition and produce documents in Athens, Georgia. Movants argue that this Court "cannot issue a subpoena for documents that may be found in Athens, Georgia." That is not the case. Rule 45 was amended in 2013 and now specifically provides that: "A subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2).

Movants also argue that the subpoenas are unduly burdensome. A court may quash or modify a subpoena if it subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(iv). Rule 45(d)(3), however, only allows "the court for the district where compliance is required" to quash or modify a subpoena. For Evan, Athens, Georgia, is the place where compliance is required. The United States District Court for the Middle District of Georgia is the federal district court serving Athens, Georgia, and therefore, the "court for the district where compliance is required." No order to transfer the Motion to this Court has been entered by the District Court for the

Middle District of Georgia pursuant to Fed. R. Civ. P. 45(f). Accordingly, this Court lacks jurisdiction to quash the subpoena served on Evan. The subpoena, therefore, remains in force, and compliance is required.

<u>Logan Patrick Cain Subpoena</u>

Movants point out that they are not parties to this litigation and complain about the subpoenas' undue burden. A movant has the burden of demonstrating that compliance with the subpoena would be unreasonable and oppressive. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). To determine whether a subpoena is overly burdensome, courts consider the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id*. Courts "may also consider the expense and inconvenience to [a] non-party." *Id*.

According to the United States, discovery provided by Defendants in this action establishes that Movants "*directly* own 99% of the defendant corporations and indirectly (via Defendant Trusts) own 98.9996% of each defendant LLCs." *See* [162] at 6. As the United States notes, it is attempting to prove that Ted Cain's transfer of all these business entities was fraudulent and made to avoid payment of the *qui tam* judgment.

According to the United States, the requested information may shed light on whether individuals concealed the transfers, which transfers were made to family members and other insiders, whether consideration was given for the transfers, and whether Ted Cain retains control of the business entities despite the transfers. The United States wants to know whether and when Movants knew of the litigation, the transfers, the trusts, and their ownership interests in the

4

business entities. The United States also argues that, given Ted Cain's actions,[2] it is justified in seeking discovery to evaluate the veracity of his assertions. The Court agrees that the requested information is highly relevant and needed, that the breadth and time-period of the request is reasonable, and that the sought-after documents are described with particularity.

Concerning the burden imposed, Movants assert that the subpoenas impose an undue burden. But, the record does not support that assertion. The subpoenas seek information concerning Rx Solutions, Cornerstone Management, and Movants' communications with their parents and Tommy Kuluz (another defendant in the *qui tam* action) about their interests in companies, the trusts benefiting them, and the relevant investigation and litigation.

Movants admit that they own Rx Solutions, but assert that they do not participate in operating Rx Solutions. Movants submitted an affidavit from the CEO of Rx Solution stating the following:

> Neither Evan Trace Cain nor Logan Patrick Cain were or are involved in the day-to-day operations of Rx Solutions, Inc. There would be no reason for Evan Trace Cain nor Logan Patrick Cain to have any documents related to the operation of Rx Solutions, Inc.

*See* [151-1].

Movants also submitted an affidavit from Corporate Management's general counsel stating that the corporation is owned and operated by Ted Cain and that neither Logan nor Evan are involved in its operation and Movants have no reason to possess documents related to the corporation. *See* [151-2].

---

[2] In the *qui tam* action, the Court found "Ted Cain in contempt both upon his confession of contempt and upon the ample record of his contemptuous conduct" and on July 25, 2023, appointed a receiver over "Ted Cain's personal and joint family assets, and over all entities owned, controlled and/or managed by Ted Cain in whole or in part, directly or indirectly." *See* [675] filed in Civil Action No. 1:16-cv-369-HTW-LGI.

The United States observes: "If neither Evan nor Logan are involved in the businesses and have no documents in their possession, then the burden is minimal and relates only to their knowledge of investigation, litigation, trusts, and their financial maintenance." *See* [162] at 2. The Court agrees.

As for the request that Movants provide information concerning their communications about their interests in companies, the trusts benefiting them, and the relevant investigation and litigation, the Court finds that this request does not impose an undue burden on the Movants. Both Ted Cain and the trustee for Evan Trace Cain GST Trust indicated in discovery responses that they did not communicate with the Movants concerning the *qui tam* litigation. As the United States notes: "[I]f these answers were truthful, there are very few, if any, communications to be produced." *See* [162] at 8. Moreover, even if many relevant communications took place, it does not impose an undue burden on the Movants to disclose those communications. "When the burdensomeness of a subpoena is at issue, the onus is on the party who alleges the burden to establish the burden with specificity . . . ." *Biological Processors of Alabama, Inc. v. N. Georgia Environmental Services, Inc.*, 2009 WL 2160984, at *2 (E.D. La. July 15, 2009); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("the objecting party must make a specific, detailed showing of how a request is burdensome"). Movants articulate no specific, detailed explanation of the burden compliance would impose.

Having considered the record and the applicable factors, the Court finds that Movants have not met their burden of demonstrating that the Logan Patrick Cain subpoena should be quashed or modified. And, as explained earlier, the Court lacks jurisdiction to quash the Evan Trace Cain subpoena. Thus, the Motion to Quash Subpoenas [151] will be denied.

The Court also finds that it need not consider the United States's proposed surreply as it is primarily a rehash of arguments already made, and will, therefore, deny the Motion for Leave to File a Surreply [167].

IT IS, THEREFORE, ORDERED that:

1. The Motion for Leave to File a Surreply [167] is DENIED;

2. The Motion to Quash Subpoenas [151] is DENIED; and

3. Movants' full cooperation in complying with the subpoenas and appearing for the depositions is required.

SO ORDERED this the 19th day of October, 2023.

                                                            s/Michael T. Parker
                                                            UNITED STATES MAGISTRATE JUDGE